HANNAH HAMILTON *vs.* M. T. HULETT.

Submitted on briefs Oct. 20, 1892. Decided Oct. 81, 1892.

**Contract for Sale of Land not Owned by Vendor.**

One (plaintiff) who, although not the owner of real property, contracts with another (defendant) to sell it to him, and who procures a conveyance to be made by the owner to such vendee, which the latter accepts as a performance of the contract, is entitled to recover the agreed price.

**Executed Contract.**

After a contract has been fully executed it is immaterial that it was not enforceable because not made or evidenced in the manner prescribed by law.

**Evidence.**

Proof of a prior agreement by the owner to convey the premises to the plaintiff *held* admissible, as tending, with other evidence, to show that the conveyance to the defendant was made at the instance of the plaintiff.

**Cross-Examination—Discretion of Court.**

The court may exercise a discretion in refusing to allow a cross-examination to be unreasonably extended.

**Verdict Justified by the Evidence.**

Evidence *held* to justify the verdict.

**Newly-Discovered Evidence.**

Affidavit of newly-discovered evidence *held* to have been met by opposing proofs.

Appeal by defendant, M. T. Hulett, from an order of the District Court of St. Louis County, *Start,* J., made April 14, 1892, refusing a new trial.

This action was brought by the plaintiff, Hannah Hamilton, against the defendant M. T. Hulett, in November, 1891. The complaint alleges, that on or about March 16, 1891, plaintiff sold to defendant an undivided one-half interest in the southeast quarter of section twelve, (12,) Township fifty-one, (51,) Range thirteen, (13,) in St. Louis County; that defendant agreed to pay therefor the sum of $1,700; that he has paid only $1,480.99. The complaint fur-

ther alleges that on May 23, 1891, plaintiff sold to defendant the remaining undivided half interest in the land, and caused the whole thereof to be conveyed to him by good and sufficient warranty deed; that defendant agreed to pay for the last-mentioned half $1,600; that he has paid thereon only $666.66. The plaintiff demands judgment for $1,151.39, and interest. The answer of the defendant denies that he purchased the first half interest mentioned in the complaint, and as to the second half interest, alleges that he purchased it of one Alexander S. Hamilton, plaintiff's husband, and that he has paid the purchase price in full. The answer also contains a general denial. The plaintiff replied, and the issues were tried February 9, 1892. The plaintiff introduced evidence showing that the title to the land in December, 1890, was in John A. Bardon; that plaintiff and James Bardon had each contributed a portion of the consideration paid for the property, and that John A. Bardon held the title in trust for plaintiff, and had agreed to convey it to her when she should repay to James Bardon $1,000, furnished by him for her on the purchase of the land; that in March, 1891, she made a verbal agreement with Hulett to sell to him a half interest in the land for $1,700; that he paid her $447.07, and assumed the $1,000 and interest due Bardon, which he afterwards paid; that thereafter he agreed verbally with plaintiff to purchase the other undivided half, for $1,600, and paid part of it; that in pursuance of these verbal agreements, Bardon on May 28, 1891, executed and delivered to defendant a warranty deed of the land, which defendant accepted and put on record. All of this testimony was objected to. The defendant's claim, supported by evidence, was that he never purchased the first undivided half, but held it merely as security for money loaned to Alexander S. Hamilton, plaintiff's husband, and as security for a claim which Wallace Warner had against Hamilton; that defendant did purchase the other undivided half for $1,600, but had actually paid plaintiff $2,146.99, and claimed affirmative judgment against her for the difference.

The court submitted the case to the jury on the issue of whether the defendant had purchased of plaintiff the first undivided half interest. The defendant requested the judge to charge that plaintiff

had no interest in the land and therefore could not maintain.the suit, and that if Warner had an interest in the first undivided half, plaintiff could not recover. The judge refused to so charge. The jury found a verdict for the plaintiff and assessed her damages at the sum of $1,208. Defendant moved for a new trial on several grounds, including that of newly-discovered evidence. In support of this he produced affidavits of himself and Wallace Warner that James Bardon and one James Pearce would testify on a new trial to certain material facts in defendant's favor. Both Bardon and Pearce made affidavits denying that they would so testify. The motion for a new trial was denied, and defendant appealed.

*Geo. L. Spangler,* for appellant.

The complaint was insufficient in that it did not allege ownership of the land in the plaintiff, or agency. It failed to apprise defendant of plaintiff's claim. *Harris* v. *Richmond & D. R. Co.,* 31 S. C. 87.

The testimony tending to show the ownership of plaintiff by virtue of a parol trust was inadmissible, as such trust was void under the statute of frauds. 1878 G. S. ch. 41, tit. 2, § 10.

*Tinkham & Tinkham,* for respondent.

In an action to recover the purchase price of real estate where the contract is executed, and the grantee has accepted the deed of a third party upon a consideration moving from the plaintiff, it is not necessary to allege or prove ownership.

Where a contract originally void as being within the statute of frauds has been fully executed, and nothing remains to be done except payment of the purchase price, this may be recovered. *McCue* v. *Smith,* 9 Minn. 252, (Gil. 237;) *Hess* v. *Fox,* 10 Wend. 437; *Post* v. *Gilbert,* 44 Conn. 11.

DICKINSON, J. The cause of action set forth in the complaint is that in March, 1891, the plaintiff sold to the defendant an undivided one-half interest in a specified tract of land, for which the defendant promised to pay the sum of $1,700, of which only $1,480.99 has been

paid; that in May of the same year the plaintiff sold to the defendant the other undivided one-half interest in the same lands, for which the latter promised to pay the sum of $1,600, of which only $666.66 has been paid; and that the plaintiff has caused a conveyance of the whole to be made to the defendant. A recovery of the balance of the unpaid price is sought.

Without referring particularly to the allegations and denials of the answer, we deem it sufficient to say that it puts in issue the first of these alleged sales and promises to pay. As to the other alleged sale, the answer is that the purchase was not from the plaintiff, but from her husband, for the price of $1,600; that the defendant agreed with him to pay the same, or whatever should be due to him, to his wife, this plaintiff, and that the same has been fully paid. The fact that the plaintiff caused a conveyance to be made is also put in issue.

The complaint is not subject to the objection that it states no cause of action. It is perhaps indefinite as to the precise nature of the "interest" alleged to have been sold, and for which the defendant promised to pay; nor does it disclose who was the person from whom the conveyance to the defendant was procured to be made. But it was not insufficient as a pleading by reason of such omissions, though it might have been subject to motion to make more definite and certain its allegations.

Nor was it essential that it should be alleged in the complaint, or shown by evidence, that the plaintiff owned the estate or interest contracted to be sold. It was enough that she showed that she had procured a conveyance to be made to the defendant, which he had accepted as a performance of the agreement.

The evidence justified the conclusion that the defendant made the agreement of purchase as alleged in the complaint; that the plaintiff procured a conveyance to be made by one Bardon to the defendant; and that the defendant accepted the same as a performance of the agreements of sale. That the conveyance from Bardon to the defendant was made and accepted was conclusively shown. In view of this fact, it is immaterial that the relations of Bardon with the plaintiff in respect to the land were such that he was under no legal obligation to convey either to her or to the defendant. After a con-

tract has been fully executed, it is immaterial that it was not enforceable because not made or evidenced in the manner prescribed by law.  *McCue* v. *Smith,* 9 Minn. 252, (Gil. 237.)

The evidence, going to show that there had been a contract or agreement to the effect that Bardon was to convey the land to the plaintiff upon certain conditions, was properly received, for the reason, if for no other, that it tended to show, in connection with other evidence, that the conveyance from Bardon to the defendant was made by the procurement or at the instance of the plaintiff.

The defendant was not entitled to have his first and second requested instructions given to the jury, for their apparent import, in so far as they were relevant to the issues, was that the plaintiff's right of recovery depended upon her having owned the land, or at least an equitable interest in it.  That was not necessary, as has been already stated.

The third requested instruction involved this error: that an agreement between the plaintiff and a third party (Warner) that he should have a one-fourth interest in the land would defeat the plaintiff's right to recover the sum agreed by the defendant to be paid therefor.  It was at least a question for the jury on the evidence whether, even though there had been some such understanding, the defendant had not accepted the conveyance of the property as a full performance of his agreement with the plaintiff.

The ruling of the judge excluding further proof on cross-examination as to the custom or habit of the witness was apparently justifiable as a proper exercise of discretion in stopping a cross-examination upon a point which had been dwelt upon long enough.  It is of no consequence that opposing counsel had not stated any reason for the objection which was sustained by the court.

The affidavit concerning newly-discovered evidence was so far opposed by the counter proof that there was no error in refusing to grant a new trial on that ground.

Order affirmed.

(Opinion published 53 N. W. Rep. 364.)