## STATE OF IOWA v. G. A. BROWN, Appellant.

**Evidence:** FIXING TIME. The owner of stolen hogs may be asked, in a prosecution for the larceny thereof, as to when he got back certain hogs other than those alleged to have been stolen, for the purpose of fixing the time when the hogs in question were missed.

**Cross-Examination.** The owner of stolen hogs who has testified on his direct examination, in a prosecution for larceny of the hogs, as to missing them from his pen, or pasture, cannot be asked on cross-examination as to having trouble, or a personal encounter, with defendant, where, up to that time, no evidence has been introduced to connect defendant with the theft.

**Needless repetition:** *Duty of judge.* It is the duty of the court, in a fair and effective way, to prevent counsel from going into a matter on the cross-examination of a witness, which has already been covered, and the counsel is himself to blame if such action put him in a ridiculous position before the jury, to his client's prejudice.

**Contradiction.** Where the owner of stolen goods testified that they were worth a certain sum, he cannot be impeached by evidence that, in a suit to recover their value, he had placed a larger value on them.

CONVICTION OF FELONY: *Impeachment.* Under Code, section 3648,
4   providing that "a witness may be interrogated as to his previous
conviction for a felony," a witness cannot be asked, on cross-
examination, if he had been "arrested" for a felony.

Construction of Charge: REASONABLE DOUBT. A charge that defend-
6   ant cannot be convicted unless the state has overcome the
presumption of innocence, and has made out every material allega-
tion of the indictment beyond all reasonable doubt, and that sat-
isfactory proof is required, and that no mere preponderance of
testimony will be sufficient to warrant a conviction, unless so
strong as to remove all reasonable doubt of guilt, is not objec-
tionable as authorizing a conviction on a "mere weight or prepon-
derance" of evidence.

SAME. On trial for larceny, a charge as to the value of the property
7   taken, containing a recital. "If you find, from the evidence, that
defendant did take and carry away the property referred to," is
not objectionable, on the ground that there was evidence in the
case as to other property aside from that mentioned in the
indictment, where, from the remainder of the charge, it was clear
that the words, "property referred to," meant the property
referred to in the indictment.

*Appeal from Pottawattamie District Court.*—HON. N.
W. MACY, Judge.

WEDNESDAY, DECEMBER 9, 1896.

INDICTMENT for larceny. Verdict of guilty, and a
judgment, from which the defendant appealed.—
*Affirmed.*

*C. H. Converse* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Mil-
ler* for the state.

GRANGER, J.—I.   The larceny charged was of
eight hogs, on the twenty-fifth day of March, 1894. A
great number of objections are presented or suggested
as to the admission and exclusion of evidence. The
objections are based on appellant's abstract. An
amendment to the abstract by the state, which is

sustained by the transcript, and is to be taken as true, shows that the objections are largely based on misapprehensions of the record and the facts disclosed thereby. Most of the questions as to the evidence are, in no sense, argued, but, as we have said, only suggested; and, in view of the record, we may dispose of them in a general way, after a particular notice of two or three. The hogs charged to have been stolen were the property of one Hacket, and he was the first witness for the state. His direct testimony was as to the missing of the hogs from his pen or pasture. On cross-examination, he was asked as to his having trouble, or a personal encounter, with the defendant, and, under objection that the question was immaterial, and not cross-examination, it was excluded. It is merely said, in argument, that the ruling "was error prejudicial to defendant." It was not cross-examination, for the reason that, in his direct testimony, he had in no way referred to the defendant as having taken the hogs. Had the evidence closed before the cross-examination in question commenced, there would not have been a word of evidence to implicate any one in the taking of the hogs, and hence the question, at the time of the ruling, was neither proper cross-examination nor material, and the ruling was not erroneous.

II. At the commencement of the examination of the same witness the following appears: "Have lived in Center township since 1884; farm; buy and sell stock. In 1894 my hogs were kept in pen. Had 98. Mr. Saunders, county attorney: Now, what do you say about any hogs being missing at any time during that month? A. Why, after the first six were got back, along about the last of March, we missed a few hogs, then commenced to count, and were eight short. Q. * * * What time in March was this that you missed them? A. Well, it was— Q. Now, wait; when

did you get those back that you spoke about? Converse: That is objected to as immaterial. (Overruled. Defendant excepts.) A. Why, we got *them* back about the 20th of March. Q. Now, when did you miss the eight hogs?" The answer to the last question was, "Along about the 27th or 28th."

Complaint is made of the ruling permitting the witness to state when he got the six hogs back. The evidence was merely to fix the time that the eight hogs in question were missing. For that purpose it was proper, and there could have been no prejudice from its admission. The same witness fixed the value of the eight hogs at eighty dollars. On cross-examination he was asked if he did not, in a suit commenced to recover their value, place the amount at one hundred and twenty dollars, and under objection, the question was excluded. There was no objection to his stating what he had said the value was, but only to his stating the amount he had claimed in a suit for their value. There was no error. The court was evidently governed by the thought that, in a suit for recovery, the amount claimed in the pleadings is not necessarily what is thought to be the actual value or damage; but, as the recovery cannot exceed the amount claimed, the claim is placed at a figure so great as to surely meet the evidence, without an attempt at accuracy. Such a license, in pleading, has something of recognition in our law, wherein it is provided that the verification of pleadings shall not apply to the amount claimed, except in actions founded on contract for the payment of money only. Code, section 2678. It is urged that defendant should have been permitted to show the difference between the amount testified to on this trial and that claimed in the suit for recovery, as a means of impeachment. but we think not, for the reasons we have stated,

III.   One Edwin Bird seems to have been a con-
federate in the crime charged against defendant.   He
was a witness for the state, and the following appears
in his cross-examination:   "I am now living in the
Avoca jail.   Have been living there a little over two
months.   I am not engaged in any business.   Have
been working a little since last March.   Worked for
the defendant's father all last summer.   Have been
convicted of felony, and served a term in the peniten-
tiary.   Q.   Are you the same Edwin Bird that
was arrested for the burglary of John Rose's?
Saunders:   That is objected to as incompetent,
immaterial, and not proper cross-examination.   (Sus-
tained as incompetent.)   Q.   How many times have
you told this same story, Edwin, that you are telling
now?   Saunders:   That is objected to as immaterial.
(Sustained.   Defendant excepts.)"   Complaint is made
of the rulings indicated.   The rulings are right.   The
fact of being *arrested* for burglary was immaterial,
unless there was a conviction; and, if that was sought,
the statute prescribes how the fact may be shown, as
follows:   "A witness may be interrogated as to his
previous conviction for a felony.   But no other proof
of such conviction is competent except the record
thereof."   Code, section 3648.   As to the question,
how many times he had told the same story, we can-
not imagine any bearing it could have, except to con-
fuse the case with immaterial matters.   The
objections we have considered indicate the general
character of a great multitude of others presented as
to the evidence, which we need not consider.   There
was, at least, no prejudicial error in such rulings.

IV.   One O'Brien was witness for the state, and
on cross-examination he was asked:   "You were in
Oakland at that time as deputy sheriff, and witness in
this case, weren't you?"   The court then said:   "That
has already been gone over.   It need not be repeated

again." One Puryear was also a witness for the state, and said: "I know Edwin Bird. Had a talk with him, about November 1st, in Oakland, about his testimony in this matter." The following then appears: "Q. What, if anything, do you remember hearing him say in reference to his motives, or purpose, in testifying against defendant, and with reference to his ability to swear a man into prison, or anything of that kind? Saunders: Objected to as incompetent and immaterial. (Sustained. Defendant excepts). The Court: That record has been made often enough now. (Defendant excepts). Q. What, if anything, did Edwin Bird say with reference to his interest in the case? Saunders: Same objections. (Sustained. Defendant excepts)." It is said, as to the remarks by the court, that they had the effect to place defendant's counsel in a ridiculous position before the jury, to the defendant's prejudice. The remarks were both respectful and true, and, if they had the effect claimed for them, which we do not think, the fault was elsewhere than with the court. When such conditions in a trial exist, it is the duty of the court to stop its progress in a fair, yet effective, way; and that, it seems to us, is what was done in this case.

V.   Some complaints are made as to the instructions, and we notice some of them. The following is the second: "(2) The defendant, in the first instance, is presumed to be innocent of the offense charged until he is proven guilty according to the forms of law. His plea of 'not guilty' puts in issue every material allegation of the indictment, and he cannot be rightfully convicted unless the state, by the evidence, has overcome the presumption of innocence in defendant's favor, and has made out every material allegation of the indictment to your satisfaction, and beyond all reasonable doubt.   Clear and satisfactory

proof is required. No mere weight or preponderance of testimony will be sufficient to warrant a conviction herein, unless it be so strong and convincing as to remove from your minds all reasonable doubt of the defendant's guilt." The instruction is said to be erroneous because of the expression, "mere weight or preponderance of evidence." And it is said that the jury might infer that, under certain circumstances, a mere weight or preponderance" would justify a conviction. The logical conclusion from the argument is, that the jury might infer that the court meant just the opposite of what it said, for in plain terms the instruction forbids a conviction upon a weight or preponderance of evidence not strong enough to exclude all reasonable doubt of guilt. The thought of counsel, likely, is, that no mere weight or preponderance is ever strong enough to exclude such doubt; but it is not so stated in argument. The instruction is not open to a meaning other than that the weight or preponderance must be sufficient to exclude all reasonable doubt. The jury doubtless so understood it.

VI. In the ninth instruction the court said: "If you find, from the evidence, that the defendant did take and carry away the property referred to," and it added sufficient facts to complete the offense, and then directed the jury as to finding the value of the property. Complaint is made of the use of the words "referred to," because the evidence refers to other property than that specified in the indictment, and it is thought that the instructions should have, in some way, limited the rule of the instructions to the property specified in the indictment. Of course, there could be no legal conviction for taking other property, and we think there is no failure in the instructions to properly so limit the action of the jury. The instructions commence with a statement of the substance of the indictment, in

which the property is described, and then, throughout the instructions, the words "property referred to," are used in a way to leave no doubt that they mean the property mentioned in the instructions and indictment.

The questions we have considered are as doubtful ones as the record presents, and we will not consider others. The evidence sustains the verdict, and there is no error that should disturb the judgment.— AFFIRMED.