STATE OF NORTH DAKOTA V. C. H. FOSTER.

Opinion filed November 24, 1905.

**Criminal Law — Adjournment of a Preliminary Examination for More Than Three Days Not Invalid Where There Is No Injury.**

1. The adjournment of a preliminary examination by a justice of the peace for more than three days, in violation of section 7954, Rev. Codes 1899, is not invalid, so as to render the subsequent examination a nullity, unless it has actually prejudiced the defendant, or has tended to his prejudice in respect to a substantial right.

**Statutory Grounds for Setting Aside Information Excludes All Others.**

2. The grounds for setting aside an information enumerated by section 8082, Rev. Codes 1899, are exclusive of all others, and do not include the failure to file an information at the term of court succeeding the defendant's commitment.

**Criminal Law — Delay in Filing Information.**

3. A regular term of court, within the meaning of section 8497, Rev. Codes 1899, which in the absence of good cause shown, requires the dismissal of a prosecution when an information is not filed at the next regular term after the defendant's commitment, means a jury term, as distinguished from a statutory term without a jury.

**Cross Examination Is a Matter of Right, But Extent and Latitude Discretionary.**

4. An opportunity to cross-examine is a matter of right, but the latitude and extent of the cross-examination rests largely in the discretion of the trial judge. The limitation imposed in this case does not show an abuse of discretion.

**Same — Instructions — Circumstantial Evidence.**

5. It is not error to fail to refuse to charge the law as to circumstantial evidence, when the state's case rests in part upon direct evidence.

**Same — Direct and Circumstantial Evidence.**

6. There is no legal distinction, so far as the weight and effect to be given to it is concerned, between circumstantial and direct evidence, and it is not error to refuse a request which disparages it as a species of evidence.

**New Trial — Sufficiency of Evidence.**

7. The verdict in this case rests upon evidence of a substantial nature, and it was not error to refuse a new trial because of its alleged insufficiency.

Appeal from District Court, Grand Forks county; *Fisk,* J.

C. H. Foster was convicted of larceny, and appeals.

Affirmed.

*Geo. A. Bangs,* for appellant.

By a continuance for more than three days the magistrate lost jurisdiction and the commitment was void, there being no preliminary examination to support it. State v. Barnes, 3 N. D. 131, 54 N. W. 541; State v. Weltner, 7 N. D. 522, 75 N. W. 779.

An information should charge the same offense as that of the complaint on preliminary examination. People v. Cohen, 50 Pac. 20; People v. Crespi, 46 Pac. 863; State v. Wright, 91 N. W. 311; People v. Christian, 35 Pac. 1043; Brown v. State, 64 N. W. 749; Yaner v. People, 34 Mich. 286; Davis v. State, 22 S. W. 979; State v. Farris, 51 Pac. 772; Com. v. Linton, 2 Va. 205; section 7954, Rev. Codes 1899.

When an act is to be performed in fulfillment of a statutory requirement, Sunday will not be excluded and the act must be done on Saturday. Harrison v. Sager, 27 Mich. 476; Dale v. Lavigne, 31 Mich. 149; Vailes v. Brown, 27 Pac. 945; Peacock v. Reg., 93 E. C. L. 264; Ex parte Simkin, 105 E. C. L. 392; Rollin v. Overseers, 52 E. C. L. 71; Sheffer v. McGone, 47 Fed. 872; Herman v. U. S., 66 Fed. 721; Burr v. Lewis, 7 Tex. 76; Company v. Schroeder, 59 A. S. R. 25; Ex parte Dodge, 7 Cow. 147; Brown v. Wellington, 1 Sandf. 664; Weaver v. Lammon, 28 N. W. 905.

When an information is not filed at the next term at which it is triable, it should be dismissed. Section 403, Rev. Codes 1899; Bishop on Cr. Proc., sections 89, 92, 93.

The statute is mandatory and prosecution should have been dismissed. Ex parte Bull et al., 42 Cal. 196; People v. Staples, 27 Pac. 523 to 525; People v. Wickham, 48 Pac. 123; In re Esselborn, 8 Fed. 904; Cummins v. People, 34 Pac. 734; Jones v. Com., 19 Grat. 478; Bennett v. Sette, 27 Tex. 701; Wentzels v. People, 28 Atl. 694; Ex parte Two Calf et al., 9 N. W. 44; State v. Miller, 62 N. W. 238.

Unless defendant is brought to trial at next term at which information is triable after it is filed, prosecution should be dismissed, and this provision is mandatory, and state must establish good cause for the failure. People v. Morino, 24 Pac. 892; People v. Douglass,

34 Pac. 490; In re Begero, 65 Pac. 828; State v. Brodie et al., 35 Pac. 137; State v. Kuhn, 57 N. E. 106; Walker v. State, 15 S. E. 553; In re Garvey, 4 Pac. 758; In re McMicken, 18 Pac. 473; Ochs et al. v. People, 16 N. E. 662.

The court erred in restricting and limiting the cross-examination. Wigmore on Evidence, section 1368 and 1390; Greenlf. on Evidence, section 446; State v. Kent (Pancoast) 5 N. D. 516, 67 N. W. 1052; People v. Gallagher, 35 Pac. 80; Territory v. OHare, 1 N. D. 30, 44 N. W. 1003; People v. Tice, 30 N. E. 494, 15 L. R. A. 669; People v. Casey, 72 N. Y. 394; People v. Irving, 95 N. Y. 541; State v. Rozum, 8 N. D. 548, 80 N. W. 477; O'Donnell v. Segar, 25 Mich. 371; Bennett v. Eddy et al., 79 N. W. 481; Thompson v. Richards, 14 Mich. 172; Chandler v. Allison, 10 Mich. 460; 3 Enc. of Evidence, 809 to 812; People v. Cole, 43 N. Y. 508; Lichtenberg et al. v. Mair, 5 N. W. 455; Beers v. Payment, 54 N. W. 886; Jones on Evidence, section 437; Zacher et al. v. Carpeles et al., 50 N. W. 373; People v. Westlake, 57 Pac. 465.

The state relied wholly upon circumstantial evidence and the court should instruct the jury thereon. People v. Scott, 37 Pac. 335; Hanks v. State, 56 S. W. 922; Polanke v. State, 28 S. W. 541; Williard v. State, 9 S. W. 358; Hart v. State, 23 S. E. 831; Crowell v. State, 6 S. W. 318; Jones v. State, 31 S. E. 574; Lopez v. State, 40 S. W. 594; Hamilton v. State, 22 S. E. 528; State v. Brady, 91 N. W. 801, 97 N. W. 62; 1 Blashfield Inst. Juries, section 213, 12 Cyc. 633; 12 Am. & Eng. Enc. Law (1st Ed.) 879; Underhill on Cr. Ev. 10; Rapalje on Larceny, section 258; State v. Maxley, 14 S. W. 969; Territory v. Lermo, 46 Pac. 16; McCamant v. State, 37 S. W. 437.

*J. B. Wineman,* State's Attorney, and *B. G. Skulason,* Assistant State's Attorney, for respondent.

Jurisdiction of a justice in a criminal case is not lost by adjourning the cause for more than three days without the consent of the parties. People v. Van Horn et al., 51 Pac. 538; State v. Valure, 64 N. W. 280.

"A term of the district court," as used in section 7982, Rev. Codes 1899, means an actual session, having a place, time, judge and jury at which the defendant can be tried. Jones v. Commonwealth, 19 Gratt. 478; Clark v. Commonwealth, 29 Pa. St. (5 Casey, 129);

State v. Boucher, 8 N. D. 277, 78 N. W. 988; Com. v. Brown, 11 Phila. 370; State v. Tough, 12 N. D. 425, 96 N. W. 1025; State ex. rel. Adams v. Larson, 12 N. D. 474, 97 N. W. 537.

It is within the discretion of the trial judge to limit the cross-examination, and he is not bound to wait for objection or request from the state. Gilliland v. State, 42 N. E. 238; Payne v. Goldbach, 42 N. E. 642; Bailey v. Bailey, 63 N. W. 341; Hamilton et al. v. Miller, 26 Pac. 1030; Commonwealth v. Leyden, 113 Mass. 452; Wallace v. Tauton, 119 Mass. 91; Gardner v. Kellogg, 23 Minn. 463; Ellis v. Pervis, 10 N. Y. St. Rep. 628; Thompson on Trials, section 352, and cases cited; Abbott's Criminal Trial Brief, page 319, and cases cited; Plew v. State, 35 S. W. 366; Buck v. Maddock, 167 Ill. 219; Pigg v. State, 145 Ind. 560; State v. Brown, 100 Iowa, 50; People v. Harrison, 93 Mich. 594; State v. Miller, 93 Mo. 263; State v. Southern, 19 So. 668.

Restriction or enlargement of the scope of cross-examination as to credibility will not be reviewed except for abuse. Birmingham Fire Ins. Co. v. Pulver, 18 N. E. 804; People v. Kindra, 60 N. W. 458; State v. Ward, 73 Iowa, 534, 35 N. W. 617; Lumehan v. State, 115 Ala. 471; State v. Ross, 21 Iowa, 467; State v. Refefferle, 36 Kan. 90; State v. May, 11 S. E. 440; Commonwealth v. Hales, 10 Cush. 530; People v. McEran, 121 Mich. 79; Jones on Evidence, 827; Wigmore on Evidence, 944, 983; Rice on Criminal Evidence, 330, 334; Greenleaf on Evidence, 431.

If there is direct evidence that defendant admitted his guilt, the court may refuse instruction based upon the theory that the evidence is purely circumstantial. Blashfield on Instructions to Juries, 323, and cases cited; Tatum v. State, 85 N. W. 40; Barrow v. State, 80 Ga. 191; Cotton v. State, 87 Ala. 75; Rains v. State, 88 Ala. 91; Upchurch v. State, 39 S. W. 371; State v. Donnelly, 130 Mo. 642; Weatherby v. State, 29 Tex. App. 278; Wilson v. State, 29 So. 569; People v. Lem Deo, 132 Cal. 199; Thomas v. State, 62 S. W. 919.

Only where the inculpatory evidence is wholly circumstantial is an instruction as to its weight required. Smith v. State, 28 Tex. App. 309; Self v. State, Id. 98; Jones v. State, 31 Tex. App. 177.

Where there is direct evidence sufficient to convict, an instruction on circumstantial evidence is not required. Welch v. State, 27 So. 307; Purvis v. State, 14 So. 268; Vaughan v. State, 20 S. W. 588; People v. Burns, 53 Pac. 1096; State v. Gartrell, 71 S. W. 1045;

State v. Calder, 59 Pac. 903; People v. Kaatz, 3 Park Cr. 129; Barnards v. State, 12 S. D. 431; Jackson v. State, 62 S. W. 914; 12 Cyc. Law & Pro. 634.

Proof of confession by defendant renders a charge on circumstantial evidence unnecessary. Green v. State, 12 So. 416, 15 So. 242; Perry v. State, 36 S. E. 781; Langdon v. People, 24 N. E. 874; State v, Robinson, 23 S. W. 1066; Robert v. State, 70 S. W. 423.

YOUNG, J. The defendant was convicted of the crime of larceny upon an information filed by the state's attorney of Grand Forks county. A motion for new trial was overruled, and he has appealed from the order and judgment.

The first error assigned is the refusal of the trial judge to grant a motion to set aside the information, which was upon two grounds: (1) That he had no preliminary examination before the information was filed; and (2) that the information was not filed at the next term of the district court after his commitment. The motion was properly denied. The claim that there was no preliminary examination is based upon an alleged loss of jurisdiction by the examining magistrate. It is shown that on September 22, 1904, the state's attorney applied for a continuance because of the absence of a material witness, and the justice granted the request over defendant's objection, and adjourned the examination until September 26th, a period of four days. The 25th was Sunday. The examination was continued on the 26th, over defendant's objection to the jurisdiction, and resulted in the defendant's being committed for trial. Counsel for defendant claims that the justice lost jurisdiction by the adjournment, and that the subsequent examination was therefore a nullity. He relies upon section 7954, Rev. Codes 1899, which reads as follows: "The examination must be completed at one session unless the magistrate, for good cause, adjourns it. The adjournment cannot be for more than three days at each time, nor more than fifteen days in all, unless by consent, or on the motion of the defendant." The adjournment was for four days, if Sunday, the 25th, be included, and in that event was beyond the limit fixed by the statute. It is not necessary to determine whether Sunday should be excluded; for, assuming that the adjournment was beyond the statutory limit, still it does not follow that the justice lost jurisdiction to proceed upon the adjourned day. No prejudice is shown to have resulted to the defendant because of the adjournment, neither did he lose any substantial right. It was, in

that event, a mere mistake or error in the proceedings, which, under the terms of section 8423, Rev. Codes 1899, did not render it void. That section provides that "neither a departure from the form or mode prescribed in this code in respect to any pleadings or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." It is apparent that the defendant's claim that he has not had a preliminary examination is without merit. The supreme court of California, under a statute similar to section 7954, and upon a like state of facts, reached the same conclusion, and without reference to the statutory rule of interpretation contained in section 8423 by which we are governed A defendant who is aggrieved by the unwarranted adjournment of his hearing by a committing magistrate is not remediless. He may, upon habeas corpus, either secure his discharge or a speedy examination. See section 8662, subd. 2, and section 8664, Rev. Codes 1899.

The second ground of the motion, the alleged failure to file an information at the next regular term of court succeeding his commitment, is not one of those enumerated by section 8082, Rev. Codes 1899, as grounds upon which an information may be set aside. In State v. Tough, 12 N. D. 425, 96 N. W. 1025, we held that the grounds enumerated by this section are exclusive of all others, and so the courts generally hold under similar statutes. See cases cited in opinion, page 429 of 12 N. D., page 1026 of 96 N. W. The several grounds named in the statute go to the validity of the information. The defendant's objection goes, not to its validity, but to an alleged failure on the part of the state to proceed with the prosecution within the time required by statute. The remedy of one so aggrieved is not by an attack upon the information.

Following the denial of the above motion, counsel for defendant moved to dismiss the prosecution and discharge the defendant upon the second ground urged in his attack upon the information, to wit, that no information was filed against him at the next regular term of court succeeding his commitment. This motion was also denied, and the ruling is assigned as error. In our opinion no error was committed. The motion is based upon section 8497, Rev. Codes 1899, which provides that "the court, unless good cause to the contrary is shown, must order the prosecution to be dismissed: * * * (1) When a person has been held to answer for

a public offense, if an information is not filed or an indictment found against him at the next regular term of the district court. * * *" The record shows that the defendant was committed on September 26, 1904, and the information was filed on December 12, 1904, at the first jury term of court held after his commitment. It is true section 403, Rev. Codes 1899, provides for a term of court in Grand Forks county for each month in the year except the months of August and September, commencing on the first Tuesday of each month. But these terms are not made regular jury terms by the statute. The same section requires the calling of a jury for at least two terms each year, and with this exception provides that a jury shall not be called for any term unless, in the opinion of the judge, there is sufficient business to demand a jury. No jury was called for the October or November terms, and the term at which the information was filed was the first jury term held after the defendant was committed. We are of opinion that a regular term of court, within the meaning of section 8497, means a court which is equipped with a jury for the trial and cases, and not a mere statutory term without a jury. This section was in force long before the so-called statutory terms were provided for, and that was its meaning then, and must be held to be its meaning now. This section requires two jury terms at least to be held each year in Grand Forks county. If they are held, it cannot be said that a defendant is denied his constitutional right to a speedy trial. If without good cause the presiding judge should fail or neglect to call a jury for these two terms, a different question would arise, and one which we need not discuss, for there has been no such neglect of duty, and the defendant predicates no rights upon the fact that a jury was not called at the October and November terms. His position is that each statutory terms is "a regular term," a position which, in our opinion, is not tenable.

Counsel for appellant also assigns error upon the court's action in limiting his cross-examination of the prosecuting witness Perry. We have examined the record upon this point and find no abuse of discretion. An opportunity to cross-examine is a matter of right, but the latitude and extent of the cross-examination rests largely in the discretion of the presiding judge, and he may place "a reasonable limit upon the time which shall be allowed for the examination or cross-examination of a witness." 1 Thompson on Trials, section 352, 8 Enc. Pl. & Pr. 110, and cases cited; Hamilton v. Miller (Kan.) 26 Pac. 1030; State v. Brown, 100 Iowa, 50, 69

N. W. 277; Hamilton v. Hulett, 51 Minn. 208, 53 N. W. 364; Jones v. Stevens, 36 Neb. 849, 55 N. W. 251; Railway Co. v. Bailey, 43 Ill. App. 293. The record shows that the presiding judge permitted a cross-examination of this witness for more than an hour, and covering the widest latitude, before he interrupted, and then allowed ten minutes' additional time. It cannot be said that the defendant did not have an opportunity to cross-examine, and we find no ground for holding that the defendant suffered any prejudice, or that the trial judge abused his discretion in imposing the limitation.

Error is assigned upon the failure to instruct as to circumstantial evidence. In this no error was committed. The state's case did not rest entirely upon circumstantial evidence. The main facts were attested by eye witnesses. It is only when a conviction is sought upon circumstantial evidence alone that the trial court is required to charge the law relating thereto. Barnards v. State, 88 Tenn. 183, 235, 12 S. W. 431; State v. Donnelly, 130 Mo. 642, 649, 32 S. W. 1124; State v. Robinson, 117 Mo. 663, 23 S. W. 1066; Cotton v. State, 87 Ala. 75, 6 South. 396; Weathersby v. State, 29 Tex. App. 279, 309, 15 S. W. 823; Hays v. State, 30 Tex. App. 404, 17 S. W. 940; Baldwin v. State, 31 Tex. Cr. R. 589, 21 S. W. 679; Adams v. State, 34 Tex. Cr. R. 470, 31 S. W. 372; Crews v. State, 34 Tex. Cr. R. 533, 543, 31 S. W. 373.

Defendant also complains of the refusal to give the following instruction: "In this case the state relies on what is known as circumstantial evidence to establish that the defendant was concerned in, or aided and abetted, the commission of the crime of larceny, if you find beyond a reasonable doubt that such crime was committed; and while circumstantial evidence is in its nature liable to produce the highest degree of moral certainty, yet experience and authority both admonish us that it is a species of evidence in the application of which the utmost caution and vigilance should be used." The request was properly refused, and for two reasons: First, it erroneously assumed that the case was one purely of circumstantial evidence; and, second, it discredited such evidence as matter of law. It is well settled that there is no legal distinction, so far as the weight and effect to be given it is concerned, between direct and circumstantial evidence. State v. Rome, 64 Conn. 329, 30 Atl. 57; Hickory v. United States, 151 U. S. 303, 14 Sup. Ct. 334, 38 L. Ed. 170; Brown v. State, 23 Tex. 195; People v. Morrow,

60 Cal. 142; People v. Urquidas, 96 Cal. 239, 31 Pac. 52; People v. O'Brien, 130 Cal. 1, 62 Pac. 297; Wharton on Criminal Evidence (9th Ed.) section 30.

There are five further assignments relating to the instructions, which require only a passing reference. As to three of them it is sufficient to say that we find that the charge given, when read as a whole, as it must be, is not open to the objections urged against it. The other two assignments relate to the court's refusal to instruct that the evidence was insufficient to sustain certain allegations of the information. Just what these allegations were the record does not disclose. The information is not set out in the abstract. These questions are not, therefore, properly reviewable. But, assuming that the facts are as stated in appellant's brief, we are agreed that the assignments are without merit.

The defendant also urged as ground for new trial that the verdict is "clearly against the evidence." Rev. Codes 1899, section 8271. In our opinion the trial judge did not abuse his discretion in denying the motion. It appears from recitals in the abstract that the information charged the defendant jointly with Bradford and Hicks with the crime of larceny from the person, in the nighttime, of $25, the property of J. E. Perry." This defendant demanded and was accorded a separate trial. The theory of the state was and is that the three defendants were confederates. The evidence shows that the larceny was committed on a west-bound Great Northern passenger train between Larimore and Niagara, in Grand Forks county. The train was crowded when it left Grand Forks, many persons being unable to find seats, and among them was the prosecuting witness, Perry, who was on his way from Michigan to Montana. Hicks secured a seat in the smoking car and asked Perry to occupy it with him. A few minutes later Bradford joined them and Hicks and Bradford engaged in conversation; later in matching pennies, half-dollars and dollars. Hicks stated that he was a banker at Grand Rapids, Mich., and Bradford represented himself as the proprietor of a large stock farm in Kentucky. Finally Hicks asked Perry if he could change a $20 bill, and the latter, after some hesitation, produced a roll of bills, consisting of two $10 bills and a $5 bill, and while the money was resting in his open hand both Hicks and Bradford grabbed for it. Bradford got it and started out of the car. Hicks at once grabbed Perry and detained him, and during the time offered to give him a check on a Great Falls bank in lieu of the money which had been taken. Perry finally

got away from Hicks and went after Bradford, calling out as he went down the car aisle that he had been robbed. When he reached the end of the car he was grabbed by the defendant Foster and thrown against the side of the car, and was again set upon by the defendant in the vestibule, and their "tussle" was continued upon the ground while the train stopped for water at Niagara, and apparently was finally stopped by the interference of a passenger by the name of Smith. Perry finally found the dining car conductor and the sleeping car conductor, and narrated the facts to them. At the latter's request he went through the train and identified the defendants. Hicks was found in the vestibule disguised in appearance by a change of hat and overcoat and by the addition of spectacles. Bradford was found in a seat apparently asleep with his hat pulled down over his face. Dearborn, the sleeping car conductor, testified that the defendant Foster said to him, "We got the money, and if you will steer the old man back here we will give it back to him." This was said in the vestibule in the presence of Hicks and Bradford, and later, when Perry was called back, the money was returned to him by Bradford, in the presence of the defendant and Hicks and several of the trainmen. The record contains other incriminating facts which need not be stated. The defendant did not take the stand, and no witnesses were sworn on his behalf. The case went to the jury upon the uncontradicted testimony of the state, and the only question is whether it was sufficient to warrant the verdict. The trial court held upon the motion for new trial that it was, and we fully agree with his conclusion. The verdict rests upon evidence of a substantial nature, and it was for the jury to determine its weight.

Finding no error in the record, the judgment and order appealed from must be affirmed, and it is so ordered. All concur.