CONTINENTAL HOSE COMPANY NO. 1 V. CHARLES H. MITCHELL, CITY TREASURER OF THE CITY OF FARGO.

Opinion filed February 11, 1906.

**Injunction — Remedy at Law.**

1. Courts of equity will not grant relief by injunction in cases where there is a plain, speedy and adequate remedy at law.

**Same — When Maintainable.**

2. An action for a permanent injunction against a city treasurer is not maintainable to determine the rights of fire companies to money claimed by them under the provisions of chapter 208, p. 265, Laws 1901.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the Continental Hose Company No. 1 against Charles H. Mitchell, city treasurer. Judgment for plaintiff, and defendant appeals.

Reversed.

*Newman, Holt & Frame,* for appellant.
*Barnett & Richardson,* for respondent.

MORGAN, C. J. This is an action for a permanent injunction against the defendant as treasurer of the city of Fargo. The plaintiff is a fire company duly incorporated under the laws of the state. The pleadings raise an issue as to the rights of the plaintiff to a portion of the 2 per cent of the money payable by the state out of the premiums received upon policies issued on property in the city of Fargo, and the duties of the city treasurer in reference to such money. The right to such money is governed by the provisions of chapter 208, page 265, of the Laws of 1901, amending section 2464 and 2465 of the Revised Codes of 1899. Said chapter 208 prescribes the duties of said treasurer in reference to said money in the following manner: "And when so received by said treasurer the same shall be paid over to the treasurer of each separate organized fire company, or companies, in equal proportion, who are members in good standing in the North Dakota Firemen's Association, and having a membership of at least fifteen members for a period of eight months prior to the date of the certificate of the clerk, as provided in section 2462, and having the management of at least one steam, hand or fire engine, hook and ladder truck or hose cart; upon the written order of such company

or companies, approved by the city council, trustees or other governing body of such city, town or village; provided, that in cities, towns and villages having a paid fire department, the amount so received by the city, town or village treasurer shall be placed in a fund to be disbursed by the city council, trustees, or other governing body of such city, town or village in maintaining such fire department."

The complaint alleges the facts which the plaintiff claims entitle it to a portion of the money payable under the provisions of said section. Upon its right to a permanent injunction the allegations of the complaint are as follows: "That the defendant herein threatens to, and the plaintiff alleges that he will, if not restrained by this court, pass said money belonging to this plaintiff to a certain fund of the city of Fargo, and that the same will thereupon be expended by the city of Fargo without authority of law and against the rights of this plaintiff, and to plaintiff's great injury." The prayer of the complaint is as follows: "Wherefore plaintiff prays judgment that the defendant be forever restrained from placing the money above described in any fund of the city of Fargo, or in any manner disposing of or using the same, save and except to pay the same to the plaintiff herein, and for such other and further relief as may be just and equitable." After a trial on the merits, the district court entered a decree permanently restraining the defendant from disposing of said money, unless by payment to the plaintiff. The defendant has appealed from the judgment, and requests a review of the entire case under section 5630, Rev. Codes 1899.

The complaint does not state facts sufficient to authorize the extraordinary remedy of relief by injunction. It is an axiomatic principle of jurisprudence that courts of equity will not interfere, in the adjustment of disputed issues, where there is a plain, speedy, and adequate remedy at law. It is apparent that the defendant could not prejudice the plaintiff's rights, if any it has, by applying this money to some other fund. Whatever fund it be applied to it would still be subject to control by the city council. If the treasurer does apply it to some other fund, the plaintiff would not be thereby deprived of its right to a share of the money. The statute gives the plaintiff a right to such money if the facts exist that bring it within the terms thereof. By refusing to pay the money to the plaintiff, or by placing the same in some other

of the city's funds, the plaintiff's right thereto is not defeated. Under that statute the city council first passes upon the right of the plaintiff to such money, and the treasurer would have no right to pay it to plaintiff, unless the city council has approved the order of the plaintiff company on the city treasurer for such money. Whenever such money comes into the hands of the treasurer, if the plaintiff shows itself entitled to it, an action at law can be maintained for it, irrespective of what fund the treasurer may pass it to. The facts are not, therefore, such as entitle the plaintiff to relief in a court of equity.

The judgment is reversed, and the district court directed to dismiss the action. All concur.