TOM BALDWIN v. THE STATE.

*No. 167.  Decided March 18.*

1. **Theft—Charge of Court—Explanation of Recent Possession.—**
On a trial for theft, where the evidence shows that defendant neither gave nor attempted to give any explanation of his recent possession of the stolen property, it was proper and right that the court should refuse to charge with reference to that subject.

2. **Same — Circumstantial Evidence. —** On a trial for theft, where no eye-witness testified directly to the taking, but the criminative facts established are in juxtaposition to the main fact, the court properly refused to charge the law of circumstantial evidence.

APPEAL from the District Court of Liberty.  Tried below before Hon. L. B. HIGHTOWER.

Appellant was indicted for theft of hogs over the value of $20, and at his trial, being convicted of said offense, his punishment was assessed at five years in the penitentiary.

The facts are sufficiently stated in the opinion.

No briefs for either party are on file in the case.

DAVIDSON, JUDGE.—Appellant prosecutes this appeal from a conviction for hog theft.  In his motion for new trial he criticises the charge in several respects.

Applied to the evidence adduced, the charge is sufficient.  A charge on the law in relation to reasonable account of possession of property recently stolen was not called for by the evidence, because none was given, nor does the testimony before us show, on the part of defendant, any theory of honest ownership in or right to the hogs, nor did he claim them to be the property of his relatives, or that he so believed.  He gave no account of his possession.

The failure of the court to charge the jury in relation to the law of circumstantial evidence, if error at all, is not of sufficient importance to require a reversal.  The missing hogs were tracked a short distance from the place at which they were taken, and discovered in the possession of defendant and his brother, who were driving them, and who drove them on home and butchered them.  While no witness saw defendant actually take possession of the hogs, yet the criminative circumstances are in such "juxtaposition to the main fact" that the omission to give the charge was not calculated to injure defendant's rights.  Montgomery v. The State, 20 S. W. Rep., 926.  The issues of the case were properly submitted by the court in the charge given.  The evidence is cogent, and sustains the conviction.  The judgment is affirmed.

*Affirmed.*

Simkins, J., absent.