JOE BENNETT v. THE STATE.

*No. 60.   Decided May 27.*

1. Evidence—Reproduction of Testimony of Deceased Witness. In order to qualify a witness to reproduce the testimony of a witness who has died since testifying at a former trial, it is not requisite that he should be able to testify to the substance of the entire testimony, but if said witness can testify to the substance of all that was said on direct and cross-examination upon one subject, it will be admissible, though there may be other portions of said testimony as to other matters not remembered by the witness.

2. Theft of Cattle — Charge of Court — Possession—Accustomed Range.—On a trial for theft of cattle, a charge of the court which instructs the jury, that an animal running on its accustomed range is in the *constructive* possession of its owner, is a correct enunciation of the law, and is not a charge on the weight of testimony; and if so, it is harmless, because whether on or off its range, unless in actual possession or control of another, an animal is in the constructive possession of the owner.

3. Same—Circumstantial Evidence.—Where there is direct and positive testimony as to the fact of guilt by an eye-witness, or the facts proved were in such close juxtaposition to the main fact as to make them equivalent to direct testimony, the court is not required to charge upon circumstantial evidence.

4. Same—Recent Possession.—On a trial for theft of cattle, when there was no evidence of explanation of his possession by defendant, and where possession is not the only inculpatory circumstance to show guilt, the court is not required to charge upon possession of recently stolen property.

APPEAL from the District Court of De Witt.   Tried below before Hon. JAMES C. WILSON.

This appeal is from a conviction for theft of cattle, wherein the punishment was assessed at three years in the penitentiary.

This the third appeal in this case.   See the two former appeals in 15 Southwestern Reporter, 405, and 30 Texas Criminal Appeals, 342.

It is unnecessary to recapitulate the evidence.

*Baker & Sumners*, for appellant.— 1. The court erred in admitting the testimony of A. W. Stokes, to reproduce the testimony of P. F. Breeden, a deceased witness, because said Stokes failed to qualify as the law requires to reproduce the substance of all of Breeden's testimony.

The witness, to reproduce testimony of a deceased witness, must be able to reproduce the substance of all the testimony of the deceased witness. Ability to state the substance of a part is not a sufficient qualification, particularly when the witness says he can not remember the substance of material matter testified to by the deceased witness, remembering that the deceased testified as to other material matter than that he reproduces. Greenl. Ev., 14 ed., sec. 165; Avery v. The State, 10 Texas Cr. App., 199; Black v. The State, 1 Texas Cr. App., 368, and authorities cited; Simms v. The State, 10 Texas Cr. App., 131; Greenwood v. The State, 35 Texas, 587.

2. The court instructed the jury, in paragraph 1, that the law declares that an animal running on its range is in the constructive possession of the owner. This charge was on the weight of the evidence. The entire charge must be construed together. Hart v. The State, 21 Texas Cr. App., 163, and cases cited.

In paragraph 5 of the charge, the court charges the jury: " If you believe    *    *    *    that the defendant    *    *    *    did take and kill a cow    *    *    *    at the place spoken of by the witnesses as the place where the cow alleged to have been stolen was killed, and that the cow was the property," etc.

This charge fails to present directly, that they must believe that such place was the range of the cow, or that she was in possession of Friar. Hence the charge as to animal on range in section 1, when construed with the charge applying the law to the facts, is clearly on the weight of evidence, because, first, it charges that an animal on the range is in possession of the owner, and in applying the law to the facts, assumes that the cow was on her range. The charge of the court must not assume any fact as proven against defendant. Webb v. The State, 8 Texas Cr. App., 115; Babb v. The State, 8 Texas Cr. App., 173; Wyers v. The State, 22 Texas Cr. App., 261.

3. The charge of the court on circumstantial evidence was error. (1) The jury were not told that it was a case of circumstantial evidence before them. (2) It was not applied to the case. No distinction is made between minor facts and main facts. The jury were not told, that they must conclude that defendant, and no other person, committed the offense as charged before they could convict. Henderson v. The State, 14 Texas, 514; Willson's Cr. Forms, 714.

The law must be applied pertinently to the case as made by the evidence. White v. The State, 18 Texas Cr. App., 57; Burkhard v. The State, 18 Texas Cr. App., 599; Irvine v. The State, 20 Texas Cr. App., 12.

4. The defendant specially excepted to the written charge of the court because of the omission to charge on the theory of possession of recently stolen property. Possession of property recently stolen is but a circumstance to be considered with all the other facts of the case, and is not necessarily proof conclusive of guilt. Robinson v. The State, 22 Texas Cr. App., 690; Ayers v. The State, 21 Texas Cr. App., 399, and cases cited; Cooper v. The State, 29 Texas Cr. App., 19; Lee v. The State, 27 Texas Cr. App., 476.

Possession by defendant was relied on by the State to show theft; the theory was raised, and defendant was entitled to have the jury instructed with the law applicable, so that they might know that possession was not necessarily proof of guilt. Willson's Crim. Stats., secs. 1300, 1306; Jackson v. The State, 28 Texas Cr. App., 143; Boyd v. The State, 24 Texas Cr. App., 582; Ayers v. The State, 21 Texas Cr. App., 399; Lee v. The State, 27 Texas Cr. App., 476; Cooper v. The State, 29 Texas Cr. App., 19.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of cattle, and his punishment assessed at three years in the penitentiary.

This is the third appeal. It was reversed November 20, 1890, because there was no charge on alibi (15 Southwestern Reporter, 405); it was again reversed November 14, 1891, because the charge on alibi was not sufficient (30 Texas Criminal Appeals, 342); and it is again before us.

1. Appellant complains that the court erred in permitting the witness Stokes to reproduce the testimony of P. F. Breeden, a deceased witness, who testified on a former trial. We think there is nothing in the objection. The same testimony of wagon tracks, and the finding of the meat in West's and Bryant's houses, were testified to by three or four other witnesses, for the track was trailed by three witnesses, from the offal of the stolen animal to West's house, the morning after the killing. Nor is it true that a witness must be able to testify to the substance of the entire testimony of a deceased witness in order to be qualified to reproduce it; for, if so, you could always disqualify a witness by proving a forgetfulness of a part of the testimony. . If a witness can testify to the substance of all that is said on direct and cross-examination upon one subject, it will be admissible, though there may be other portions of said testimony, as to other matters, not remembered by the witness. 1 Greenl. Ev., sec. 165; Summons v. The State, 5 Ohio St., 358; Thomp. on Trials, sec. 388. So far as given, the testimony in no way differs from testimony already given by other witnesses on the subject of the wagon track.

2. The court did not err in charging the jury that the animal running on the range is in the constructive possession of its owner. We are una-

ble to appreciate the position that it is a charge on the weight of the testimony. Wherever running, whether on its range or not, unless in the actual possession or control of another, the animal is in the constructive possession of its owner. The fact that it was on or off the range is wholly immaterial. If a charge on the weight, it is harmless. As said in the Bishop case, 43 Texas, 395, there must be a substantial infraction of the statute forbidding a charge on the weight of evidence to reverse.

3. The court did not err in failing to tell the jury that this was a case wholly of circumstantial evidence. The evidence was direct and positive as to appellant's guilt, as testified to by an eye-witness, and if the shooting was not seen, the facts were in such close juxtaposition to the shooting as to be equivalent to direct testimony. The charge as given was sufficient.

4. The court did not err in refusing to charge on possession of recently stolen property. There was no explanation given of the possession. It was not the only circumstance relied upon by the State in proving the guilt of appellant. In the case at bar the appellant and his confederate were seen butchering the animal, and on investigation were found to have knocked off and hid the horns, and cut out the marks and brands, and cut the hide into fragments and hid them. The decisions cited by appellant's counsel have no application.

5. We think the testimony fully supports the verdict of the jury. The charge was fair and full, and we find no reversible error. The only question on the facts is that raised by alibi defense. Three juries have passed upon that defense, and found it not true, and we are satisfied that the verdict is correct.

The judgment is affirmed.

*Affirmed.*

HURT, P. J., concurs. DAVIDSON, J., absent.