## HARRY HOLLAND v. THE STATE.

### No. 952. Decided February 8, 1911.

**1.—Burglary—Evidence—Circumstances.**

In a case of circumstantial evidence every circumstance shedding light on the matter, however slight, should be admitted in evidence provided it is a link in the chain proposed to be proven; and upon trial of burglary there was no error in admitting the different circumstances showing defendant's guilt.

**2.—Same—Bills of Exception—Special Instruction—Argument of Counsel.**

Where, upon appeal from a conviction of burglary, it was complained that the court had failed to give certain special instructions withdrawing remarks of State's counsel, but there was nothing in the record that counsel had used the language attributed to him, there was nothing to review.

**3.—Same—Charge of Court—Concealing Stolen Property.**

Where, upon trial of burglary, the court correctly instructed the jury that unless the defendant was present at the original taking of the alleged stolen property at the time of the burglary, he must be acquitted although he may have assisted in concealing the property thereafter, there was nothing in the complaint that the court had not so charged.

**4.—Same—Charge of Court—Recent Possession—Explanation.**

Where, upon trial of burglary, there was no evidence as to an explanation

of defendant's possession, there was no error in the court's failure to charge thereon.

Appeal from the District Court of Kaufman.  Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Upon a charge of burglary appellant was tried, convicted, and his punishment assessed at four years confinement in the State penitentiary, in the District Court of Kaufman County.

This is a companion case to the case of Will Spencer v. State, decided at a former day of this term.  A store in Terrell was burglarized on the night of April 1 under the control of R. Jarvis.  This being a case in which the State relied on circumstances to convict; a more intelligent understanding can be obtained by briefly stating the testimony.  Defendant and Will Spencer lived in Dallas, while Cilla Spencer, the mother of Will, lived in Terrell.  If the State's testimony is to be believed, and evidently the jury did so, appellant and Will Spencer about 6 o'clock in the evening of April 1 boarded the train at Dallas, saying they were going to Terrell.  They were seen in Terrell that night, defendant being seen in the store that was afterwards burglarized that night.  Some time between three and five o'clock the next morning they were seen in Dallas together, waking up a witness, and asking for forty cents that was owing to Spencer.  Upon being refused, in the presence and hearing of defendant, Spencer remarked, "We will have plenty of money in the  morning; we have the goods."  Freight trains were shown to pass through Terrell going towards Dallas (a distance of thirty miles) between the hours they were seen in Terrell and in Dallas, trains passing through Terrell at about five or six miles an hour.  Cilla Spencer, the morning after the burglary, went from Terrell to Dallas, and had a trunk checked for Dallas.  Defendant and Will met her at the train, and Will Spencer, after his mother's arrival, gave to a trunk hauler a check for a trunk, telling him he would tell him later where to take the trunk.  Defendant Holland came to the driver later and went with him to take the trunk to a house named.  Later Holland had the driver move the trunk to an alley, and later had it moved to the house where the trunk was found with the clothes stolen from Jarvis' store in it.  The record discloses no explanation why defendant was moving the trunk, or why it was found with the stolen goods in it in a house where he placed it, after the arrest of Spencer.

1. Appellant complains by bill of exceptions of the trunk hauler, after testifying that he had carried the trunk to the place it was found, testifying "it looked like the trunk he hauled and had the same character of rope around it;" that Cilla Spencer "got off the train at Dallas" the morning after the burglary, about the time the check was given to the trunk hauler; that that morning before daylight Spencer had said in the presence of defendant, "Never mind, we have got the goods and will have plenty of money tomorrow;" that the station agent was permitted to testify that "freight trains in passing through Terrell at night averaged about six miles an hour," and to testify that the trunk in which the goods were found, "looked like the · trunk he had checked for Cilla Spencer;" that Spencer was in Terrell the night of the burglary, as well as Holland. One witness testified positively that the trunk that Cilla Spencer checked at Terrell and defendant took charge of at Dallas, and in which the goods were found, was the same trunk, identifying it positively. In the light of the entire record, all this testimony was clearly admissible. In a case of circumstantial evidence, every circumstance shedding light on the matter, however slight, should be admitted in evidence, provided it is a link in the chain proposed to be proven. Cooper v. State, 19 Texas, 450; Preston v. State, 8 Texas Crim. App., 30; Harris v. State, 31 Texas Crim. Rep., 411; Hedrick v. State, 40 Texas Crim. Rep., 532.

2. In bills of exception Nos. 7 and 8 complaint is made of the failure of the court to give special instructions requested by appellant to ignore certain remarks alleged to have been used by the county attorney in his argument to the jury. The bills only show that the instructions were requested; there is nothing in the record to show that the county attorney used the language. If he did use the language attributed to him, a proper bill of exception should have been reserved, and the objection stated. In the absence of a showing that such language was used, there is nothing to review. Booker v. State, 3 Texas Crim. App., 227.

3. Complaint is made that the court in the fifth paragraph of his charge committed error in that it is claimed said paragraph authorized the jury to convict defendant if he assisted Spencer in disposing of or concealing the property, even though he did not aid in the burglary. We do not think this paragraph subject to the criticism, and the court in another paragraph instructed the jury that "if the evidence or lack of evidence raises in your minds a reasonable doubt as to the presence of the defendant at Terrell at the time and place the store was burglarized (if it was) then you must find the defendant not guilty, even though you may believe from the evidence beyond a reasonable doubt that defendant had some guilty knowledge or connection with the property or a portion thereof, which was stolen from said house (if it was) afterwards in the city of

Dallas, because the defendant is charged with the offense of burglary and can be convicted, if at all, for that offense and none other."

4. The only other complaint is that the court failed to submit to the jury the law in regard to possession of stolen property. In the record there is no explanation of defendant's possession, and in this state of the case it was proper and right that the court should refuse to charge with reference to that subject. Baldwin v. State, 31 Texas Crim. Rep., 589; Bennett v. State, 32 Texas Crim. Rep., 216.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*