JERRY DEASON V. THE STATE.

No. 17521.   Delivered April 17, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*Cooper & Baker,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an aggravated assault and battery, and his punishment was assessed at a fine of $100.00 and confinement in the county jail for a period of twelve months.

The appellant urges two errors upon which he relies for a reversal of this case. One is because the court erred in failing to charge on the law of circumstantial evidence, and the other is because the court erred in failing to charge on simple assault and battery.

In order that the questions raised may be properly discussed we will set out the substance of the evidence in the case. On the night of April 15, 1934, the appellant and de-

ceased were engaged in playing a marble machine at the Alexander Brothers cafe in the town of Henderson, Rusk County, Texas. After they left the cafe they began arguing and then engaged in what appeared to be a fist fight. They suddenly quit fighting and deceased said, "Let's go around into the alley. Maybe we can settle it." They then went to the alley leading toward the Randolph Hotel where they renewed the fight, but none of the parties who observed them saw either of the combatants knocked down or fall. Suddenly deceased ran from the scene of the difficulty towards and into the Cut Rate cafe. The appellant followed and when he reached a point in front of said cafe he remarked to some parties who were standing in the street in front of the cafe that he was cut. When the deceased entered said cafe he walked up to where Mr. Horn and Mr. Broughton were sitting. He held his right hand to his left side and put his left hand on Mr. Horn's shoulder and asked to be taken home, stating that he had been stabbed, and then sank to the floor. Mr. Horn and Mr. Broughton raised him up and at that time the appellant came in, walked up to deceased, and began searching him and said, "Damm you, you cut me," and while doing so a knife fell to the floor near the feet of the deceased. When the knife hit the floor, the appellant remarked, "Watch that knife. Don't anybody bother that knife." The knife was closed. When Mr. Burnett came in he picked it up and put it in his pocket. The injured party died from the effects of the stab wound within a very short time. The appellant testified in his own behalf and admitted playing the marble machine with the deceased in which he claimed he won sixty cents which deceased declined to pay, saying that he only had thirty cents; that after they walked out of the cafe upon the street deceased struck him, whereupon appellant struck the deceased several blows, when the deceased said, "Let's not fight here. You will get pinched. Let's go around in the alley and settle it"; that they went to the alley, took a drink out of a bottle which appellant claims he had hidden there, and then deceased renewed the difficulty with an open knife; that he, appellant, took hold of deceased's hand in which he had the open knife, jerked it down, and shoved him back, and at the same time hit him with the right hand. He further testified: "I was afraid he would do me bodily harm if he cut me with it or kill me. I shoved him back and he kind of turned and fell on his face but he got right up. He then went to the Cut Rate cafe and I followed him. I knew I was cut. I went into the cafe and

asked him why he cut me. I do not believe I touched or searched him. About the time that he was falling I heard something fall to the floor. I looked and saw it was a knife. I did not hear anyone say that I was the one who stabbed him. The only way it could have happened was for him to have fallen on his knife and cut himself because I did not have any knife."

The officers arrived upon the scene within a few minutes after the difficulty and they found a pocket knife on the ground between the place where the appellant and deceased had been engaged in fighting and the cafe. The blade of this knife had blood on it. The appellant disclaimed ownership of either of the knives.

The appellant presented his written objections to the court's charge within the time prescribed by law in which he pointed out two alleged errors: First, the court's failure to instruct the jury on circumstantial evidence, and, second, the court's failure to charge on simple assault. It is our opinion that the testimony in this case is such that a charge on the law of circumstantial evidence was not required. The appellant and deceased were engaged in a fight with no other person near enough to have inflicted the wound upon deceased except the appellant or by the deceased himself when he was shoved or knocked down. The court in his charge instructed the jury upon that phase of the case as well as upon the issue of self-defense. In support of the views herein expressed, we refer to the case of Crews v. State, 34 Texas Crim. Rep., 535; Cabrera v. State, 56 Texas Crim. Rep., 141. Under the foregoing instruction, if the jury believed that deceased was accidentally stabbed when he was shoved or knocked down, they would have acquitted the appellant, but if they believed that the appellant inflicted the wound upon the deceased, then he was not entitled to a charge upon the law of simple assault and battery because the wound was not only a serious wound but proved to be fatal. Therefore, the facts in this case do not bring it within the law of simple assault and battery.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we were wrong in disposing of his complaint based on failure to charge on circumstantial evidence. He cites Huddleston v. State, 70 Texas Crim. Rep., 260, 156 S. W., 1168, in support of his contention. The facts of that case are so dissimilar to those found in the present record it can not be regarded as authority. The holding in Huddleston's case was unquestionably correct. There others than accused were engaged in a "free for all fight" that was going on when deceased received the wound from which he died. Some of the testimony indicated that several parties assaulted deceased. It was a matter of conjecture as to who inflicted the wound. The other parties engaged in the difficulty had equal facilities as accused to inflict the injury. In the present case the facts are entirely different. No one was engaged in the fight but appellant and deceased; no witness was even near them. Appellant's story was that deceased had a knife and was trying to cut appellant, who pushed and struck deceased at the same time, and that deceased fell, the theory being that he fell on his own knife. A witness who was some distance away saw appellant and deceased striking each other and saw deceased turn and run away. The witness says deceased did not fall at the place where the fight occurred. Either appellant cut deceased or the latter fell on his own knife. This question was favorably submitted from appellant's standpoint. We must adhere to the conclusions expressed in our original opinion upon the point under consideration. See Baldwin v. State, 31 Texas Crim. Rep., 589.

The motion for rehearing is overruled.

*Overruled.*