Cecil **STEMBRIDGE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44873.

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Rehearing Denied March 29, 1972.

Henry J. Anderson, Wichita Falls, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On November 3, 1966, appellant entered a plea of guilty to the offense of burglary and punishment was assessed by the court at 10 years. The imposition of sentence was suspended and appellant was placed on probation. One of the terms and conditions of probation was that he commit no offense against the laws of this state.

On February 15, 1971, a motion to revoke probation was filed alleging that appellant violated the aforementioned term, in that he did on or about December 8, 1970, commit the offense of attempted burglary.

A hearing was had on June 7, 1971, and upon completion of said hearing the court found that the appellant had violated the terms of his probation and pronounced sentence. Appellant announced that he desired to appeal and on June 7, 1971, filed a written notice of appeal.

Thereafter, it is observed that no brief was filed in the trial court and that appellant's brief was not filed in this court until January 31, 1972.[1] Article 40.09, Sec. 9, Vernon's Ann.C.C.P., requires that such brief be filed with the clerk of the trial court within thirty days after approval of the record by the court, or within such additional period as the court may in its discretion authorize.[2] Such Article is applicable to ". . . all cases appealable by law to the Court of Criminal Appeals." See Section 1 thereof. An appeal in such matters is expressly provided by Article 42.12, Sec. 8, V.A.C.C.P. See Pitts v. State, Tex.Cr.App., 441 S.W.2d 389, at page 391 (Concurring Opinion by Judge Onion).

■ Having concluded that the appellant's brief was not timely filed, the contentions set out therein alleging that the trial court abused its discretion in revoking the probation will not be considered. However, the record has been reviewed to determine if an abuse has been shown that should be considered "in the interest of justice" pursuant to Article 40.09, Sec. 13, V.A.C.C.P.

The record reflects that Charles Bilbrey, Ricky Sikes, and the appellant were arrested in Brownwood between 9:15 and 9:20 P.M. on December 8, 1970, after they were observed in an automobile which was going the wrong direction on a one way street.

Charles Lee Bilbrey testified that the three of them had attempted to burglarize Massey Auto Parts in Brownwood immediately prior to being arrested; that they tried to pry the back door of the building open, and they abandoned the project when they observed a ". . . boy come down the street, and I seen him, and I was afraid he seen us, and I wasn't for sure, but I don't see how he could have kept from seeing us."

■ A proceeding to revoke probation, not being a criminal trial, the statute (Article 38.14 V.A.C.C.P.) requiring accomplice witnesses' testimony to be corroborated is not applicable. Barnes v. State, Tex.Cr.App., 467 S.W.2d 437. Even though such testimony need not be corroborated, it was in the case at bar. James Louis Cole testified that he passed by the Massey Auto Parts on the evening in question and saw the three men at the back door thereof. He identified the appellant as one of the three men he saw.

Arthur Durtschi testified that he and his father-in-law owned the Massey Auto Parts, Inc. in Brownwood on the date in question. While at work that day he "noticed the back door to the building was almost broken into." The door had pry marks and it looked as though "somebody had just tried to break in the thing." He stated that no one was given permission to "make this attack on this door." No entry was gained into the building.

■ We conclude that the evidence was sufficient for the trial judge to find that appellant violated the terms of his probation by committing an offense against the laws of this state, namely, attempted burglary, and no abuse of discretion has been shown.

The judgment is affirmed.

MORRISON, J., not participating.

---

1. The case was argued before this court February 2, 1972.

2. The trial judge signed the approval of the record in this cause on September 2, 1971, and no additional time appears therein.