Kenneth CRATHERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46092.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

G. Gordon Metcalf, Temple, for appellant.

Stanley Kacir, Dist. Atty., R. C. Mikeska, Jr., Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On December 4, 1969, appellant was convicted after entering a plea of guilty before the court to the offense of passing as true a forged instrument and punishment was assessed at three years. The imposition of sentence was suspended and probation granted. One of the terms and conditions of probation was that appellant report to the Adult Probation Officer of Bell County as directed by the court.

On May 4, 1972, a hearing was held on State's Second Amended Motion to Revoke Probation which was filed on April 14, 1972, and which said motion alleged a violation of the aforesaid term and condition. At the conclusion of the hearing the trial court entered an order revoking appellant's probation.

The state's brief points out, and we agree, that appellant's brief does not comply with Article 40.09, Section 9, Vernon's Ann.C.C.P., since the same was not filed within thirty days after approval of the record by the trial court.[1] Payne v. State, Tex.Cr.App., 487 S.W.2d 339 (1972); Stembridge v. State, Tex.Cr.App., 477 S.W.2d 615. There is no question of indigency herein; in fact the docket sheet shows that appellant's "retained" counsel appeared and announced "ready" at the revocation hearing.

In reviewing the record "in the interest of justice," pursuant to Article 40.09, Section 13, V.A.C.C.P., we find sufficient evidence to show that the court did not abuse its discretion by revoking appellant's probation. The proof is evident that appellant failed to report "from April 1970 to February of 1971" as determined by the court.

The judgment is affirmed.

---

1. The record shows the attorneys were notified of the completion of such record on June 6, 1972; they thereafter signed an agreement that the same may be filed and it was approved by the trial judge and filed on June 19, 1972. Appellant's brief was filed August 15, 1972.