Edgar Mack PAYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 46124.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Rehearing Denied Dec. 13, 1972.

---

E. L. Hamby, of Brown, Hamby & Bancroft, Big Spring, for appellant.

Wayne Burns, Dist. Atty., Big Spring, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On July 7, 1971, appellant entered a plea of guilty before the court to the offense of unlawful possession of a narcotic drug, to-wit: marihuana; punishment was assessed at five years. Imposition of the sentence was suspended and probation granted. One of the terms and conditions of probation was that appellant commit no offense against the laws of this or any other state or of the United States.

On April 21, 1972, a motion to revoke probation was filed alleging that appellant "committed the offense of driving while intoxicated upon a public road in Burnet County, Texas, at a time when the terms of this probation were in full force and effect."

A hearing was conducted on May 2, 1972, and upon completion of said hearing the court found the appellant had violated the terms of his probation and pronounced sentence. Appellant made bond pending this appeal.

We note that the record was approved by the trial court on June 26, 1972, and appellant's brief was not filed until August 3, 1972. Therefore, Article 40.09, Section 9, Vernon's Ann.C.C.P., was not complied with. Such Article requires that the appellant's brief be filed with the clerk of the trial court within thirty days after approval of the record by the court, or within such additional period as the court may, in its discretion, authorize. Crathers v. State, 487 S.W.2d 338 (1972); Stembridge v. State, Tex.Cr.App., 477 S.W.2d 615.

Nevertheless, no abuse of discretion is shown by the trial court's revoking probation. An officer testified at the hearing to revoke that he arrested appellant after he observed him driving an automobile upon a public road on March 11, 1972. He stated that from his observations appellant "was very intoxicated."

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DAVIS, Commissioner.

Appellant calls this Court's attention to a supplemental transcript filed with the clerk of this Court on November 13, 1972, a time *subsequent* to the opinion of November 1, 1972. The supplemental transcript includes appellant's motion for extension of time in which to file his brief, and the trial court's order of July 25, 1972, extending such time until August 4, 1972. Appellant's brief was filed with the clerk of the trial court on August 3, 1972. Thus, there was compliance with Article 40.09, § 9, Vernon's Ann. C.C.P.

Appellant contends that the evidence was not sufficient to show a violation of the terms of his probation. The motion to revoke charged appellant with driving while intoxicated upon a public road. As was noted in the court's original opinion, "An officer testified at the hearing to revoke that he arrested appellant after he observed him driving an automobile upon a public road on March 11, 1972. He stated that from his observations appellant 'was very intoxicated.'" This testimony, standing alone, was sufficient to sustain the order revoking probation.

Appellant's contention that the court erred in admitting evidence of other possible violations of his probation than the one charged in the motion to revoke is without merit.

No abuse of discretion is shown in the trial court revoking appellant's probation.

Appellant's motion for rehearing is overruled.

A second motion for rehearing will not be entertained or filed with the clerk without leave of the court first being obtained after good cause has been shown.

Opinion approved by the Court.