**Harold Eugene HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45284.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Paul W. Leach, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of rape; punishment was assessed by the jury at one thousand years.

The sufficiency of the evidence is not challenged.

■ Initially, we note that the record herein was approved by the trial court on November 1, 1971, and the appellant's brief was not filed until December 10, 1971. Such does not comply with Article 40.09, Sec. 9, V.A.C.C.P., which provides: "Within thirty days after approval of the record by the court, or within such additional period as the court may in its discretion authorize,[1] the defendant shall file with the clerk of the trial court his appellate brief. . . ." Therefore, since the appellate brief was not timely filed, the same is not properly before this court. See, e. g., Babers v. State, 487 S.W.2d 85 (1972); Stembridge v. State, Tex.Cr.App., 477 S.W. 2d 615; Reeves v. State, Tex.Cr.App., 457 S.W.2d 924. Nevertheless, the record has been reviewed to determine if there is any unassigned error which in the interest of justice should be reviewed pursuant to Article 40.09, Sec. 13, V.A.C.C.P.

■ Appellant's contention, raised in his motion to quash the jury panel, that members of his race were systematically excluded from the jury, is without merit.

The record shows that six members of appellant's race were peremptorily struck by the state after voir dire examination. The evidence shows that the appellant and the victim are not of the same race. This same

---

1. The record contains no extension of time authorizing an additional period beyond the thirty days set out by the statute.

contention was decided adversely to appellant in Ridley v. State, Tex.Cr.App., 475 S.W.2d 769, where we stated:

"We hold that no systematic exclusion has been shown. To hold otherwise would in effect be abolishing our peremptory challenge practice which has always been a part of our system to help an accused as well as the State obtain an impartial jury and a fair trial." 475 S.W.2d at page 772.

We adhere to such ruling herein.

All other contentions have been reviewed and are overruled.

There being no reversible error, the judgment is affirmed.