**Ronald Louis JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46420.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Rehearing Denied April 11, 1973.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike G. Mc-Collum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The appellant entered a plea of guilty before a jury to the offense of rape. His punishment was assessed at life.

Three grounds of error are alleged on appeal, the first being a contention that a proper and adequate admonishment was not given. Such contention is overruled. The record shows that appellant was fully, adequately and properly admonished pursuant to Article 26.13, Vernon's Ann.C.C.P. The admonishment covers approximately two and a half pages of the record and shows that the appellant fully understood the consequences of his plea and that it was voluntarily given.

Next, appellant contends that reversible error was committed by the trial court in admonishing him as to the consequences of his plea before the empaneled jury. The record shows that no objection was addressed to this procedure and no reversible error was committed by such. However, better practice would have been for the trial judge to have retired the jury and admonished appellant in their absence. Compare, Crawford v. State, Tex.Cr.App., 466 S.W.2d 319.

Finally, appellant contends that the court, on its own motion, should have withdrawn the plea of guilty and substituted a plea of not guilty.

This contention is based on appellant's testimony that he did not participate in the rape. A brief summary of the testimony will be stated.

The record shows that the prosecutrix and her boy friend were parked in an automobile near North Lake, a recreational area in the northern part of Dallas County, during the early morning hours of May 2, 1969. The appellant and Harold Eugene Hill [1] approached the automobile, held a gun on the couple, and ordered them to get out of the automobile. The prosecutrix was robbed of the money in her purse and her boy friend was robbed, beaten and put into the trunk of the automobile by appellant and Hill. The prosecutrix was then beaten, ordered back into the automobile, and raped by appellant and Hill, after

---

1. See Hill v. State, Tex.Cr.App., 487 S.W.2d 64.

which they tied her up, took the car keys and left.

Appellant, testifying in his own behalf, stated that although he was present at the time of the rape he did not commit the offense himself. Rather, he stated that Hill and a Ronnie Smith were the two assailants who were involved in the rape of the prosecutrix, and that he was merely an onlooker. He stated that he did participate in the removal of the dome light of the automobile.

The court charged the jury on the law of principals. We conclude that the evidence is sufficient to support the verdict and no error was committed by the trial court's failure to withdraw appellant's plea of guilty on its own motion.

Finding no reversible error, the judgment is affirmed.