**Terry Lynn COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49790.**

Court of Criminal Appeals of Texas.

Dec. 3, 1975.

Rehearing Denied Jan. 7, 1976.

Harry Louis Zimmermann, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm and Richard Worthy, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

Appellant was convicted for the offense of burglary with intent to commit theft

under the former Code. His punishment was assessed at five years.

■ The brief in the present case was filed late and will not be considered under Article 40.09, V.A.C.C.P. See *Vale v. State*, 491 S.W.2d 671 (Tex.Cr.App.1973), and *Stembridge v. State*, 477 S.W.2d 615 (Tex. Cr.App.1972). In view of the dissenting opinion, his complaint will be discussed to show that error, if any, was harmless.

The record in this case reflects that at about one o'clock in the morning an officer who was some seventy-five yards from the burglarized building saw the appellant in front of the door with clothing over his shoulder and under his arm. When appellant saw the officer, he ran, hit a trash can, dropped the clothing and continued to run. An officer found him hiding under a car. He had some Hershey bars in his pockets. He also had hacksaw blades, one of which was taken from inside a sock that he was wearing. Hershey bars and hacksaw blades were stolen from the building.

To see if there is reversible error, let us look to other testimony in the case. The appellant testified that he was in front of the burglarized building at the time in question. When he saw the officer and noticed that the building had been broken into, he ran because he was out of the penitentiary on parole and did not want it revoked. He testified that he had been convicted for burglary in 1971 and was assessed punishment at three years, probated, and that the probation was revoked after he had been convicted for the possession of dangerous drugs. He was released on parole in October of 1973. The offense in the present case was committed December 10, 1973.

He related that he had Hershey bars and a hacksaw blade in his pockets when he was apprehended. He testified that he had been working for a construction company and he carried hacksaw blades with him. He testified that he saw someone else in the burglarized building. The officer who saw

appellant run testified that no one else was at the building.

In *Riggins v. State*, 468 S.W.2d 841 (Tex. Cr.App.1971), the accused was found asleep in his car parked by the curb in front of a jewelry store with stolen jewelry. No one saw him enter the store. Someone had vomited in the broken glass on the sidewalk and there was vomit in the car. Vomit also led to the car. The Court held that the facts proved were in "such close juxtaposition, or in such close relation, to the breaking and entry as to be equivalent to direct evidence and a charge on circumstantial evidence was not required."

■■ In the present case appellant admitted that he was in front of the building with a broken glass and that he fled when he saw the officer. Flight is further evidence of guilt. It appears that the evidence in the present case is just as strong, if not stronger, than in the *Riggins* case. See that case for additional authorities.

All that a charge on circumstantial evidence does in effect is to inform the jury that the evidence must exclude every other reasonable hypothesis except the defendant's guilt.

It was written in *Riggins:*

"It would be difficult to imagine that a jury would reach a different result under the facts of this case with or without a charge on circumstantial evidence."

That statement is applicable to this case.

The judgment is affirmed.

ODOM, J., concurs in the result.

ONION, Presiding Judge (dissenting).

I dissent to the affirmance of this conviction on the technical ground that appellant's brief was filed one day late, and would reverse the case for the failure of the trial court to charge on the law of circumstantial evidence despite the timely request of the appellant. I agree with much of what Judge Roberts says in his dissenting opinion, but cannot agree with everything

he says. Particularly, I cannot agree that this court should abolish the doctrine of close juxtaposition.

ROBERTS, Judge (dissenting).

This case is affirmed because the appellant's brief was filed one day late. Art. 40.09, Sec. 9, V.A.C.C.P. Appellant was represented by appointed counsel both at trial and on appeal. The lengths to which this Court will go for the sole purpose of affirming convictions sometimes astounds and embarrasses me. Resort is had to the minutest procedural technicalities. And even-handed justice under law is at best a fortuitous by-product.

To begin with, the majority reaches its decision in this case in blatant disregard of a statute specifically directed to this situation:

> "APPELLANT'S FAILURE TO FILE HIS BRIEF IN THE TIME PRESCRIBED SHALL NOT AUTHORIZE A DISMISSAL OF THE APPEAL BY THE COURT OF CRIMINAL APPEALS, NOR SHALL THE COURT OF CRIMINAL APPEALS, FOR SUCH REASON, REFUSE TO CONSIDER APPELLANT'S CASE ON APPEAL." Art. 44.33, V.A.C.C.P.

A majority of this Court, constituting itself as a three-man legislature, repeal this statute without even the courtesy of an acknowledgement. Texas' other Legislature has also provided us with the following statute:

> ". . . NO AFFIRMANCE OR REVERSAL OF A CASE SHALL BE DETERMINED ON MERE TECHNICALITIES OR ON TECHNICAL ERRORS IN THE PREPARATION AND FILING OF THE RECORD ON APPEAL." Art. 44.23, V.A.C.C.P.

Briefs have been considered a part of the record on appeal. See fn. 1 in *Zambrano v. State*, 478 S.W.2d 500 (Tex.Cr.App.1972). The Court's action today also flies in the face of the policies embodied in this provision. Cases such as *Vale* and *Stembridge*, relied upon by the majority, should never have become a part of the jurisprudence of this State.

Even if this Court were empowered to repeal the above-quoted statutes, I should feel constrained to add some thoughts on the subject of even-handed justice under law. Art. 40.09, Sec. 9 has a counterpart in Art. 40.09, Sec. 10 which contains a surprisingly similar requirement for the timeliness of briefs filed by the State. Is Sec. 9 to be enforced while Sec. 10 is ignored? "The State of Texas *habitually* files briefs late, but they are considered by this Court." *Gowans v. State*, 522 S.W.2d 462, 463 (Tex. Cr.App.1975) (opinion concurring in part and dissenting in part). Is this even-handed justice under law? Some members of this Court have even requested during oral argument that the State's Attorney furnish a brief, or a supplemental brief on a certain matter or matters long after the State's 30 days have elapsed. Sec. 10 authorizes extensions of time to be granted by the trial court, but not by this Court. And such briefs are not even served on opposing counsel. Is this even-handed justice under law? If this Court is going to enforce Art. 40.09, Sec. 9 against appellants, it should construe the identical language in Art. 40.09, Sec. 10 against the State.

The holding of this case is that the scales of justice are decidedly tipped in favor of the State. It means not only that identical statutory provisions will be construed differently to give every advantage to the State, but that this Court will sometimes even ignore statutes that constrain the State or benefit the appellant. Affirmance on this technicality is all the more unfortunate in view of the substantial likelihood that this case will be before us again in the form of an application for writ of habeas corpus alleging ineffectiveness of appointed counsel on appeal. Having stated my reasons for dissenting to such a view, I move now to a consideration of the merits of this appeal.

The facts are essentially as set out in the majority opinion. On appeal, appellant complains of the refusal of the trial court to submit a charge on circumstantial evidence. He contends that there was no direct evidence of the main fact to be proved—the breaking and entry—and the finding that he was guilty of such acts was based entirely upon inferences drawn from other facts in evidence. It is well established that, under such circumstances, a charge on circumstantial evidence should be given. 4 Branch's 2d, Sec. 2049, p. 357.

The force of this rule has been mitigated to some extent in Texas by the unique doctrine of close juxtaposition. "If the facts proved are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony, a charge on circumstancial evidence is not required." 4 Branch's 2d, Sec. 2050, p. 359. And see 31 Tex.Jur.2d, Instructions, Sec. 123, pp. 683–686. Other states either subscribe to a looser rule on the requirement of a charge on circumstantial evidence, substitute the charge on reasonable doubt for a charge on circumstantial evidence, or require the giving of one of several forms of the circumstantial evidence charge when the situation warrants it. Exhaustive research has revealed no other state which subscribes to the doctrine of close juxtaposition. I think the best course would be to align ourselves with the other jurisdictions which do not have the doctrine and to require strict adherence to the rule requiring the giving of a charge on circumstantial evidence.

The origins of the doctrine of close juxtaposition are shrouded in antiquity. No mention of it is made in the law reviews, the ALR Annotations, or the treatises. Some of the older cases cited in 4 Branch's 2d, Instructions, Sec. 2050 and *Cabrera v. State*, 56 Tex.Cr.R. 141, 118 S.W. 1054 (1909) in support of the doctrine actually make no reference to it at all. *Hardin v. State*, 8 Tex.App. 653 (1880); *Holt v. State*, 9 Tex.App. 571 (1880). The first mention of the doctrine that I have found was in the case of *Montgomery v. State*, 20

S.W. 926 (Tex.Cr.App.1893), where the Court stated in dictum that it would no longer consider the omission of a charge on circumstantial evidence to be fundamental error, reviewable for the first time on appeal, because the facts could have been in such close juxtaposition as to render the error harmless. The Court went on to hold that *Montgomery* was not such a case and reversed the conviction. Two months later, the phrase appeared in the holding of *Baldwin v. State*, 31 Tex.Cr.R. 589, 21 S.W. 679 (1893), rather than in dictum. But it again was used in a harmless error sense, mitigating the harm in the trial court's failure to give a charge on circumstantial evidence. Two months after *Baldwin*, close juxtaposition appeared in its present form, in a holding that a trial judge's failure to charge on circumstantial evidence was not error at all since the incriminating facts were in such close juxtaposition as to constitute direct evidence. *Bennett v. State*, 32 Tex.Cr.R. 216, 22 S.W. 684 (1893).

It would appear, then, that close juxtaposition crept into the jurisprudence of the State of Texas as a harmless error rule, but has since been elevated to a rule of substantive evidence law. And it is a law which deprives a defendant of the very crucial right to an instruction to the jury on how to consider a case based on circumstantial evidence. This Court has stated many times in affirming such cases that the better practice would be to include an instruction on circumstantial evidence in the judge's charge to the jury. I do not think that a rule to that effect would place too great a burden on the administration of criminal justice in Texas or create too much confusion in the minds of her jurors. And I prefer the steadfastness and predictability of such a rule to the vagaries of a case-by-case weighing of the evidence in close juxtaposition cases. As was stated by Judge Lattimore in *Lockhart v. State*, 124 Tex. Cr.R. 401, 63 S.W.2d 299 (1933):

"In other words, it seems to us better to lay down the rule that such failure should

be held cause for reversal than for us to embark upon the somewhat dangerous course of saying that in this case, that case or the other, we will uphold the court's action, or rather affirm the case upon the theory of the strength of the circumstances. Some sets of circumstances might be stronger than others, and this court would necessarily be called on to speculate more or less as to whether the failure to charge on circumstantial evidence could have resulted in injury to the accused."

In the case at bar, the evidence of the factum probandum—the breaking and entering—was purely circumstantial. Witness Williams stated that a glass door to his shop had been broken out. Officer Peterson testified he saw appellant standing in front of the shop and then running away. No one saw anyone break the glass or enter the building. It cannot be denied that the circumstances here strongly indicate appellant's guilt. The question, however, is whether the appellant was accorded fair procedures in the ascertaining of that guilt. As was said in dissent in *Riggins v. State*, 468 S.W.2d 841 (Tex.Cr.App.1971):

"There is a difference between facts being in such a juxtaposition to warrant an inference of guilt and facts being in such a juxtaposition as to be equivalent to direct testimony. The former, no matter how strong they are or how certain is the guilt of the accused, cannot justify a failure to charge on circumstantial evidence. The latter set of facts will occur only where the evidence is such that it is logically and practically the virtual same thing as direct evidence of the factum probandum."

On the basis of the foregoing discussion, I would hold that the doctrine of close juxtaposition is no longer tenable in Texas.

In response to the plurality's "discussion" of the merits of this particular ground of error, I would note that this case is distinguishable from *Riggins v. State, supra.* The evidence in that case that appellant did the breaking and entering was much more direct than that in the case at bar. In *Riggins,* supra, the appellant was connected to the factum probandum by a trail of vomit that led from the broken glass on the sidewalk into appellant's car where he was found passed out in the front seat. Thus, the circumstances connecting *Riggins* with the breaking and entering were even stronger than those connecting appellant with the breaking in the instant case.

I would entertain appellant's brief, especially in light of the errors committed at trial. For the refusal of the judge to give a charge on circumstantial evidence, I would reverse and remand.