**Nathan Douglas IVY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00091–CR.**

Court of Appeals of Texas, Dallas.

Nov. 6, 1981.

Mike Barclay, Dallas, for appellant.

Henry Wade, Dist. Atty., Stanley Keeton, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and ALLEN, JJ.

STEPHENS, Justice.

Nathan Douglas Ivy was convicted of attempted murder by a jury, and sentenced by the court, enhanced by a prior conviction, to 75 years imprisonment. On appeal, appellant complains that the introduction of evidence of his custodial silence on two occasions, a custodial statement, and the trial court's limitation of his counsel's voir dire examination of the jury panel, constitutes reversible error. We find these contentions without merit; accordingly, we affirm.

■ The shooting out of which the indictment arose occurred June 30, 1978. The State's evidence shows that after appellant was under arrest, yet still at the scene of the offense, a witness confronted appellant and the arresting officer and said, "good, you've got him. He's the one that did it." At trial the State asked the officer if the defendant, in response to this accusation, remained silent. The officer answered that he did. Counsel for appellant objected that such testimony was prejudicial and inflammatory, and before the court could rule, the State's attorney withdrew the question. At appellant's request, the court instructed the jury not to consider this evidence for any purpose, but denied his request for a mistrial. In *Hicks v. State*, 493 S.W.2d 833 (Tex.Cr.App.1973), the court had a similar question before it, and concluded that although appellant's silence after arrest cannot be used against him as a circumstance indicating guilt, citing many cases in support of this proposition, nevertheless appellant cannot preserve error by a general objection such as the one here made. The proper objection would have been that by reason of appellant being under arrest, the question violated his rights against self-incrimination. This ground of error is overruled.

Appellant's second ground of error is similar to his first ground in that he complains that another witness made reference to his silence. Again the court instructed the jury to disregard the question and answer, but denied appellant's request for a mistrial. The same general objection was made and thus appellant preserved no error for our review. *Hicks v. State*, supra. Appellant's second ground of error is overruled.

■ Appellant next complains that the State's evidence, that appellant refused medical treatment when transported to the hospital, was evidence of an oral custodial statement. When this testimony was introduced, appellant's counsel objected to "what the defendant said while he was in custody." The objection was sustained, the jury was instructed to disregard the statement, and appellant's request for mistrial was denied. Appellant admits that, taken alone, the witness' statement is harmless, yet he contends that the statement negates the appellant's contention at trial that at the time of the second shot, which struck the victim in the back, appellant was using his left hand because his right hand was broken and that the gun accidentally discharged. This error was rendered harmless by the court's instruction to the jury to disregard it. *See Thomas v. State*, 578 S.W.2d 691 (Tex.Cr.App.1979); *Cavender v. State*, 547 S.W.2d 601 (Tex.Cr.App.1977). We also note that similar evidence was offered without objection by another State's witness, further rendering appellant's contention untenable.

■ Finally, appellant complains that he was denied effective assistance of counsel by the court's limitation of his voir dire examination of the jury panel. Prior to commencement of trial and outside the presence of the jury, appellant sought the court's permission to inform the jury that appellant had twice before been convicted of crimes and sent to the penitentiary. Appellant, by this line of questioning, sought to determine whether or not a prospective juror would consider an ex-convict worthy of belief. After much discussion, the court denied appellant's request to so inform the jury, but did agree that a hypothetical question could be propounded to the panel that "in the event the evidence reveals that he has been to the penitentiary before ..." The trial court is permitted to impose reasonable restrictions on the exercise of voir dire examination, and the conduct and extent of this exercise rests largely within its

sound discretion. *Trevino v. State*, 572 S.W.2d 336 (Tex.Cr.App.1978). The purpose of voir dire examination is to enable counsel to intelligently exercise his peremptory challenges. *Emanus v. State*, 526 S.W.2d 806 (Tex.Cr.App.1975). We conclude that appellant could intelligently exercise his peremptory challenges by use of the hypothetical question permitted by the court, and accordingly we hold that the trial court did not abuse its discretion by prohibiting counsel from informing the panel of appellant's two prior convictions.

Affirmed.