Anthony Paul NED, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0096–CR.

Court of Appeals of Texas, Tyler.

Nov. 18, 1982.

Mandate Issued Jan. 18, 1983.

for mistrial or to quash the jury panel because of the discriminatory use of peremptory challenges by the State. Appellant's counsel moved the trial court (calling it a motion in limine) to instruct the State's attorney "not to systematically exclude any particular group from the voir dire with their peremptory challenges." The motion was overruled. After the jury was selected appellant objected to the composition of the jury in that it was all white because the State "has unconstitutionally used its peremptory challenges to strike all blacks from the jury." The appellant was shown to be a black man.

We overrule appellant's first ground of error. Appellant's contention was answered adversely to him in *Hill v. State,* 487 S.W.2d 64, 65 (Tex.Cr.App.1972); *Ridley v. State,* 475 S.W.2d 769, 772 (Tex.Cr.App. 1972); and *Smith v. State,* 540 S.W.2d 693, 698 (Tex.Cr.App.1976):

> We hold that no systematic exclusion has been shown. To hold otherwise would in effect be abolishing our peremptory challenge practice which has always been a part of our system to help an accused as well as the State obtain an impartial jury and a fair trial.

*Smith v. State, supra; Ridley v. State, supra.* See citations in *Smith v. State, supra; Chambers v. State,* 568 S.W.2d 313, 328 (Tex.Cr.App.1978); *Duncantell v. State,* 563 S.W.2d 252, 254 (Tex.Cr.App.1978).

Appellant next complains that the trial court erred in overruling his objection to continuous prejudicial remarks and arguments of State's counsel. In his brief appellant lists several instances at various times during the trial which he claims were improper comments before the jury in examining the witnesses as well as remarks in the closing argument to the jury. This point is multifarious and violates art. 40.09, sec. 9, Tex.Code Crim.Pro.Ann. (Vernon Supp.1982). *Rodriquez v. State,* 530 S.W.2d 944, 945 (Tex.Cr.App.1975); *Campbell v. State,* 525 S.W.2d 4, 7 (Tex.Cr.App.1975). Second ground of error is overruled.

Walter J. Pink, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

McKAY, Justice.

Appellant was convicted of aggravated robbery and punishment was assessed at twenty years confinement.

Appellant's first ground of error complains of the overruling of his motion

In the third ground of error appellant contends that there was error in permitting the State's witness to bolster his identification testimony by testimony of a pre-trial line-up identification. A witness who has identified a defendant at the trial may also testify that he identified the defendant at a line-up while defendant was in custody of an officer. *Franklin v. State,* 606 S.W.2d 818, 823–4 (Tex.Cr.App.1979); *Lyons v. State,* 388 S.W.2d 950, 951 (Tex.Cr. App.1965). Other witnesses may not bolster unimpeached testimony by corroborating the fact that the complaining witness identified the defendant. *Lyons v. State, supra.* The "bolstering" complained of here was by the complaining witness himself who testified he did identify appellant at a line-up. The third ground of error is overruled.

The next complaint in ground four is that the court erred in allowing the State to improperly cross examine appellant during the punishment phase of the case. During cross-examination of appellant his counsel made eight objections, and six of them were sustained, and where requested, the court instructed the jury to disregard the question. There were two questions to which objections were overruled. The prosecutor tendered State's exhibit No. 2, stating that it was judgment and sentence in Cause No. 502277. Appellant's objection that it was multiplicitious was overruled. The same objection to State's exhibit No. 3, judgment and sentence in Cause No. 266682, was overruled. Appellant's motion for a mistrial was overruled. We perceive no error by the court, and ground four is overruled.

Appellant says in ground five that the court erred in allowing improper character testimony. The witness Favor said that she had contact with appellant about April 14, 1979, that she was familiar with his reputation for being a peaceful and law-abiding citizen in the community in which he lives, and that such reputation was bad. Appellant objected to the question that she had contact with appellant as leading, and the court sustained it and instructed the jury to disregard it. Appellant cross-examined the witness as to her knowledge of appellant's reputation. Appellant did not object that Favor was an unqualified witness, and his objection now comes too late. *Burrow v. State,* 481 S.W.2d 895, 898 (Tex. Cr.App.1972). Ground five is overruled.

In appellant's sixth ground of error he maintains that the court erred in denying his objection to the prosecutor's improper opening statement.

The statement complained of was as follows:

> I believe the evidence will show that on April 12, 1979, Mr. Don Hunter, who is the complaining witness in this case, was manager of a Radio Shack on Telephone Road in the southeast part of Houston. I believe the evidence will show that on that day he was working by himself. It was in the evening. I believe the evidence will show there were several customers in the building. I believe the evidence will show that man . . . .

Appellant objected that it was an improper opening statement, and the court overruled but gave defendant a running bill. The prosecutor continued to make his statement, saying that he believed the evidence would show the defendant was in the store about 15 minutes, talked to Hunter, the complaining witness, then left, and as Hunter was trying to close, defendant came back, pulled a gun on Hunter, forced him at gun point to give him all the money and then left; that about 10 days later Hunter identified defendant in a line-up at the police station.

Article 36.01, section 3, Tex.Code Crim. Pro.Ann. (Vernon 1981) provides "The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof." We find that the opening statement of the State's attorney was proper and in accord with the statute. This ground is overruled.

Appellant's last ground of error contends that the court erred in failing to sustain his objection to prejudicial voir dire questions to members of the jury panel by

the prosecution. Apparently the complaint is directed to questions to prospective jurors whether they had been the victim of a crime. It appears from the record that three or four members of the jury panel answered that they had been victims of a burglary or a theft. They were asked if such an experience would prejudice them against the police.

The purpose of voir dire examination is to enable counsel to intelligently exercise his peremptory challenges. *Ivy v. State,* 624 S.W.2d 371, 373 (Tex.App.1981); *Emanus v. State,* 526 S.W.2d 806, 808 (Tex. Cr.App.1975). The conduct of voir dire examination rests within the sound discretion of the trial court, and an abuse of such discretion must be shown to warrant reversal on appeal. *Clark v. State,* 608 S.W.2d 667, 669 (Tex.Cr.App.1980). Wide latitude should generally be allowed for voir dire interrogation. *Trevino v. State,* 572 S.W.2d 336, 337 (Tex.Cr.App.1978). In our view the trial court did not abuse its discretion in permitting the prosecuting attorney to inquire whether members of the jury panel had been victims of a crime. This ground is overruled.

Judgment of the trial court is affirmed.